Day, J.
It is insisted, by counsel Tor defendant, that no error has intervened in this case, of which the plaintiff can complain, for the
reason that the final judgment of the probate *court, which is sought to be reversed, was rendered by “ consent of parties.”
If it be conceded that the court improperly excluded the evidence offered by the plaintiff, and that such holding substantially determined the case adversely to him, as claimed in his behalf, still this court can not correct the error in any way, but by reversing the final judgment rendered in the case.
The record shows that the judgment was based, not upon the finding or holding of the court, but upon the “ consent of parties.” It is immaterial what induced the parties to consent to the judgment ; it was sufficient that the consent was given. The jurisdiction and authority of a court to render such judgment in the case is not questioned. Whatever other errors the court may have committed, there surely was none in rendering such final judgment as the parties consented to have entered in the case; and if it be substantially decisive of the case, whatever its form may be it is conclusive between them, and will not be reversed on error.
The case of Wells v. Martin, 1 Ohio St. 386, is directly in point, and is decisive of this case.
Moreover, it is provided by the 20th section of the road appeals act (S. & 0. 1306), under which the original petition in error was filed, that “ final decision ” of the probate court may be reviewed on error, “ but shall not bo reversed for any defect in form, if found to be substantially correct.” The final decision, substantially dismissing the plaintiff’s claim, was rendered by his consent, and was, therefore, undoubtedly correct. It can not, then, be reversed without violating the statute.
It follows, from the foregoing conclusion, that it is unnecessary for us to express any opinion as to whether the probate court erred in excluding the evidence offered by the plaintiff.
It may not, however, be improper to say, that we are better satisfied with the result to which we are compelled to arrive, upon the point before stated, because we are not satisfied that the plaintiff was prejudiced by any of the holdings of the court below. His claim, that the vacated road was his private property, was inconsistent with the 19th section of the *act before referred to *152 (S. & 0. 1306), which provides that “ all township roads, heretofore or hereafter established, are hereby declared to he public highways.” The plaintiff’s rights, then, were such only as appertain to public highways. He did not claim, or propose to prove, that any of his land had been taken, or that it had been directly invaded by the proposed alteration of the road.
In such a case, however much the alteration of the road may have injured the plaintiff, under the authorities, both English and American, excepting those of this and perhaps one other state, it is well settled, that he had no legal claim for damages. Ang. on Highways, sees. 99, 100; Crawford v. Village of Delaware, 7 Ohio St. 465, and cases there cited.
The constitution of this state, however, provides that compensation shall be made to the owner of “private property,” that may be taken “ for the purpose of making or repairing roads,” etc. Art. 1, sec. 19.
Accordingly, the legislature has provided a mode by which adequate compensation may be recovered for property taken for public use.
Although the courts of this state have been careful to afford ample redress to parties whose property has been invaded in the establishment, repairing, or alteration of public roads, yet it has been done in this class of eases only in the enforcement of the constitutional right of compensation for “private property” taken for public use.
Before a party is entitled to recover, it must be determined that the thing taken for the public use, for which he asks compensation, is his. private property. Whatever other injury he sustains by the opening or alteration of a highway, is compensated only by his interest in the public welfare.
In the alteration of the road in question, no property of the plaintiff was invaded, except such as he had in the road as a highway. ,
The only difficulty encountered in deciding as to the correctness of the holding of the court below, is to determine the extent of the private right, as distinguished from that of the public, that the owners of lands have in the highways adjacent to their lands.
*The nature and extent of the easement which the owners of lots in towns and cities have in the adjoining streets, as well as their rights appertaining thereto, have been fully considered and *153 determined in the oases of Crawford v. Village of Delaware, 7 Ohio St. 459, and Street Railway v. Cumminsville, 14 Ohio St. 523. It is, therefore, unnecessary now to enter into an extended discussion fin relation to them. It remains only to apply the principles there : settled' to this ease.
The private rights of the owner of lands in the adjacent highways, upon principle, are the same as those of the owner of lots in towns to the adjacent streets. In either case they are, to a great extent, modified by attending circumstances. Such owner has a private right of access to and from the street or highway; and, ■when he has made improvements on his land, with direct reference to the adjoining highway as then established, and with reasonable reference to its prospective improvement and enjoyment by the public, he has a private right of way, or passage, to and from the .highway as it then exists ; and any substantial change in the-highway, to the injury of such passage or way, is an invasion of his private property; and this private right extends sp far as the reason.able and convenient enjoyment of such improvements requires the use of the adjacent highway; but, beyond such necessary use thereof, the private right is merged in that of the public. Especially must this be so, when, as in this case, the alteration of the road complained of, is not adjoining the lands of the plaintiff; and the injury thereto is, at most, remote and consequential.
The record does not show that the plaintiff proposed to prove any specific facts tending to show that he had been, in any manner, molested in the enjoyment of his farm and homestead; or that the convenience of his access therefrom to the highway had been in the least diminished by the alteration of the road. The evidence did not necessarily tend to prove the taking or invasion of the plaintiff’s land or any of its appurtenances. The proof, which the record, in general terms, shows was offered, would be consistent with the hypothesis that the alteration in the road complained of, was remote from the plaintiff’s land, and only rendered the road *less ■commodious in a public rather than in a private point of view.
To hold that a party could recover upon, the proof offered in this ■ease, would exceed the most liberal construction heretofore given by this court to the constitution of the state, affording compensation for “ private property taken for public use.”
- The judgment of the district court is affirmed.
Bkinkerhoet, C. J., and Scott, White and Welch, JJ., concurred,